UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

JEFFREY DONOVAN, ON BEHALF OF HIMSELF AND ALL THOSE SIMILARLY SITUATED

    Plaintiff,

vs.

MIDWEST RECOVERY SYSTEMS, LLC

    Defendant.

CIVIL ACTION NO.

COMPLAINT

## COMPLAINT

Plaintiff, JEFFREY DONOVAN ("Plaintiff"), by and through undersigned counsel, by way of Complaint against Defendant, MIDWEST RECOVERY SYSTEMS, LLC ("Defendant"), states as follows:

### JURSIDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

3. Plaintiff is a natural person, who resides in Waxhaw, North Carolina, and is a "consumer" as used and defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a debt collector within the meaning of the FDCPA because it uses the mails in a business that regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 2745 W. Clay St., Saint Charles, Missouri 63301.

5.      Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL ALLEGATIONS

6.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect on an alleged debt owed by Plaintiff to North American Holdings originating from Net Cash Processing.

7.      The alleged debt arises from transactions for personal, family and household purposes.

8.      On June 28, 2017 at 10:26 am, Defendant emailed an initial collection letter that set forth the account information for the alleged debt, Plaintiff's dispute rights, and solicited payment from Plaintiff. A copy of the email dated June 28, 2017 is attached hereto as Exhibit "A."

9.      The email dated June 28, 2017 also threatened to report the account to all three major credit bureaus as a collection account in the absence of payment despite the fact that the account had already been reported to the credit bureaus on June 25, 2017.

10.     However, on June 28, 2017 and as of the date of this complaint, Defendant was not in possession of a permit to collect on debts in the State of North Carolina.

11.     A company must have a permit to operate as a collection agency in the State of North Carolina pursuant to N.C.G.S. § 58-70-1 which states that "No person, firm, corporation, or association shall conduct or operate a collection agency or do a collection agency business, as the same is hereinafter defined in this Article, until he or it shall have secured a permit therefor as provided in this Article."

12.     On July 6, 2017, Defendant was sent an email by the North Carolina Department of Insurance which stated that the Agent Services Division has received information that Defendant

was acting as a collection agency in North Carolina by contacting consumers regarding delinquent accounts.  A copy of the email is attached hereto as Exhibit "B."

13. The email dated July 6, 2017 instructed Defendant to cease such activity until such time as it became appropriately licensed in North Carolina.

14. Defendant's application for a permit to collect in the State of North Carolina was subsequently denied.

15. Defendant sought to collect on debts for which it was prohibited by law from doing given its absence of a permit and as such threatened to take actions that could not legally be taken.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of the following classes:

Permit Class:

All persons/consumers who live in the State of North Carolina, along with their successors-in-interest, who have received debt collection notices/letters/communications from Defendant for consumer debts which, as alleged herein, were made while Defendant was not in possession of a permit to collect in the State of North Carolina during a period of one year prior to the filing of this action and ending 21 days after the service of the initial complaint filed in this action.

Credit Reporting Class:

All persons/consumers who live in the State of North Carolina, along with their successors-in-interest, who have received debt collection notices/letters/communications from Defendant for consumer debts which, as alleged herein, threatened to report the debts to consumers' credit report in the absence of payment when in fact the debts had already been reported to the consumer's credit during a period of one year prior to the filing of this action and ending 21 days after the service of the initial complaint filed in this action.

17. Excluded from the Classes are Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable.

18. The Classes satisfy all the requirements of Rule 23 of the FRCP for maintaining a class action.

19. The Classes are so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons, if not thousands, of persons have received debt collection notices/letters/communications from Defendant, which fall within either or both of the Permit Class or the Credit Reporting Class.

20. The debt collection notices/letters/communications from Defendant, received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. There are questions of law and fact which are common to the Classes and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Classes have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

22. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692(k).

24. The members of the Classes have claims that are unlikely to be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO PERMIT CLASS

29. Plaintiff repeats the allegations contained in paragraphs 1 through 28 and incorporates them as if set forth at length herein.

30. Defendant attempted to collect consumer debts from North Carolina consumers without the permit required by North Carolina law.

31. As it is illegal to act as a collection agency without a permit, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that it cannot legally take.

32. As it is illegal to act as a collection agency without a permit, Defendant made false representations and used deceptive means in violation of 15 U.S.C. § 1692e(10).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO CREDIT REPORTING CLASS

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 and incorporates them as if set forth at length herein.

34. Defendant violated 15 U.S.C. §1692 e(10) by representing that prompt payment would prevent the reporting of a consumer's debt to the credit reporting agencies as a collection account when in fact it had already reported the debts to the credit reporting agencies.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant MIDWEST RECOVERY SYSTEMS, LLC as follows:

A. Certification of the class pursuant to Rule 23(b)(3);

B. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

C. Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 21, 2017

                                 Respectfully Submitted,

                                 <u>s/ Suzanne Iazzetta Esq.</u>
                               Suzanne Iazzetta, Esq.
                               NC License No. 45680
                               Iazzetta Law, LLC
                               297 Orange Road, Suite 1
                               Montclair, NJ 07042

                               And

                               Law Offices of Michael Lupolover
                               120 Sylvan Avenue, Suite 300
                               Englewood Cliffs, NJ 07632
                               (T) 201-461-0059
                               (F) 201-608-7116